BEFORE THE FIRST DIVISION

APRIL 22, 1965

No. 69265.—Davies, Turner & Co. *v.* United States, protests 63/15662, etc.— —Government's motion to transfer case denied. The following memorandum accompanied the order denying motion to transfer:

NICHOLS, Judge: The above-consolidated cases involve the classification of assorted plastic articles claimed to be miniature facsimiles of war vessels, military aircraft, military vehicles, rail equipment, and soldiers of various epochs. The collector classified the merchandise as toys under paragraph 1513. Plaintiff claims classification to be by similitude as articles of metals, not specially provided for; machines, not specially provided for; and manufactures of wood, not specially provided for; but the "main claim" is 10 per centum under paragraph 1558.

The case was partly tried at Philadelphia and transferred to New York, and from there to San Francisco. Plaintiff rested at San Francisco, but defendant moved for a transfer to Los Angeles. Plaintiff was allowed to introduce additional testimony there. The volume of testimony taken by that time was great. At the close of the hearing in Los Angeles, the defendant moved for transfer of the hearing to Detroit, which motion was denied. However, a motion by the defendant to retransfer the case to New York and Philadelphia was granted. Defendant is now moving for transfer to the next dockets at Detroit, Cleveland,

and Chicago, and gives notice that it will probably move for transfer to New Orleans. Plaintiff gives notice that if any hearing is held in these places it will insist on reopening its own case and introducing evidence requiring approximately a day in each port.

The most hotly contested issue is chief use, that is, whether the merchandise is chiefly used for the amusement of children or by adult hobbyists. We recognize that in chief use cases it is desirable and indeed necessary to take advantage of the facilities of this court to hold hearings in various places; however, some limitations are necessary, or the trial of chief use cases will escalate into endless rounds of repetitive testimony. In this case, counsel on neither side contend that testimony in Detroit, Cleveland, Chicago, and New Orleans would differ in kind from testimony already taken. Defendant is concerned lest the geographical sampling it has had or will have at Philadelphia, New York, San Francisco, and Los Angeles may be held insufficient. It says, in effect, that the proposed new testimony would not be repetitive because the rules laid down by the courts make chief use of the same merchandise at different places, to all intents, different issues.

We think that to keep such cases under some reasonable control, certain procedures ought to be followed. In the interests of justice and fairness to all, and for the expeditious handling of the case, where chief use is in issue, both parties should disclose, before the commencement of the trial, or at least when the first transfer is requested, all of the ports where they each expect to adduce testimony. When a pretrial conference is held, one of the major purposes should be to make an orderly plan for the transfer of the case to the various ports in accordance with established court circuits. A party who, as defendant here, withholds information as to his intentions, and subsequently moves for a transfer of the case, assumes the risk that his request will not be granted when he does reveal his plans. A transfer of a case to another port rests within the discretion of the trial court, unless such discretion is abused. *C. J. Tower & Sons* v. *United States*, 21 CCPA 417, 430, T.D. 46943; *United States* v. *Kleberg & Co., Inc., et al.*, 25 CCPA 142, T.D. 49256. (See *Nylonge Corporation* v. *United States and American Sponge & Chamois Co., Inc., Party in Interest*, 42 Cust. Ct. 306, Abstract 62848, where a transfer was granted on condition that the plaintiff pay certain traveling and subsistence expenses to counsel for the party in interest.)

In this case, plaintiff complains, with some justice, that it has been hampered in planning its proofs and that it has had to transport witnesses long distances, although it ultimately transpired that hearings were to be held where those witnesses lived. In the absence of prior planning and control, there is danger that whichever party feels it has fallen behind in the contest, at any point, might "discover" a need for hearings at additional ports, as a means of rectifying the balance. This is a good way to assure that litigation will never end.

It is common knowledge that consumers' tastes throughout the United States are constantly becoming more uniform. When, as here, we are not concerned with articles whose use varies according to climate, nor with articles of interest to particular ethnic groups, and when counsel on neither side expresses any belief in the existence of differences from area to area in the chief use of the merchandise in litigation, the need for hearings in many places would seem to be less.

In the oral argument on the motion, we understood counsel for the plaintiff to disavow any intention of arguing that the Government's geographical sampling was insufficient, if it was limited to hearings in Philadelphia, New York, San Francisco, and Los Angeles. At any rate, since plaintiff is successful in its opposition to hearings in Detroit, Cleveland, Chicago, and New Orleans, it will not be allowed to argue that the Government's proof is insufficient for lack of

evidence drawn from those areas. So far as plaintiff is concerned, the law of the case will be that evidence adduced at Philadelphia, New York, San Francisco, and Los Angeles will afford sufficient geographical coverage. The court will reopen the case of its own motion and order such further hearings as may be necessary if plaintiff makes any such argument.

The views expressed herein do not necessarily apply to cases where the issues are other than chief use, nor to cases where the need for different venue arises after the pretrial conference and could not have been foreseen by counsel when the conference occurred.

In view of the foregoing, the Government's motion will be denied.